| | |
|---|---|
| JOEL NUNEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00686-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S *EX PARTE* EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION<br><br>(ECF No. 2)<br><br>**THIRTY (30) DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Joel Nunez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's *ex parte* emergency motion for a temporary restraining order and a preliminary injunction, filed on May 17, 2019. (ECF No. 2.)

## I.

## LEGAL STANDARDS

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a

1

party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party serve must appear to defend.). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2)

also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

## II.

## DISCUSSION

In his motion, Plaintiff seeks a temporary restraining order and a preliminary injunction restraining Defendants Diaz, Allison, and Ndoh, and all persons acting on their behalf from merging or mixing the Sensitive Needs Yard prisoners with the General Population prisoners at Avenal State Prison.

However, initially, the Court notes that, on June 10, 2019, Plaintiff filed a notice of change of address stating that, on May 28, 2019, he was transferred from Avenal State Prison to California Medical Facility. (ECF No. 13.) Since Plaintiff has been transferred from Avenal and has not presented the Court with any evidence demonstrating that he has a reasonable expectation of returning to Avenal State Prison, his request for injunctive relief relating to the application of the Non-Designated Programming Facilities ("NDPF") policy to Avenal State Prison is moot. Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (*per curiam*); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

Further, even if Plaintiff's request for injunctive relief is not moot, Plaintiff has not made a sufficient showing to warrant the granting of a temporary restraining order and a preliminary injunction. First, Plaintiff filed this motion along with his complaint and no defendant has been served with process. Until one or more of the defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff requests. See Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc., 526 U.S. at 350.

Second, when the Court screened Plaintiff's complaint, the Court found that Plaintiff failed to state any cognizable claim upon which § 1983 relief can be granted. Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any

likelihood of success on the merits of his claims.  Winter, 555 U.S. at 20.

Third, in order to establish that preliminary injunctive relief should be granted, a plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction."  Id. at 22. This requires that plaintiff allege 'specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss, or damage."  Fed. R. Civ. P. 65(b)(1)(A).  Plaintiff first provides the declaration of Kim McGill, an organizer with the Youth Justice Coalition, describing the association's efforts to challenge CDCR's implementation of the NDPF yards, based on the association's concerns about safety.  (ECF No. 2, at 6-10.) However, McGill's declaration does not clearly demonstrate that Plaintiff has been, or is currently, assigned to a NDPF yard and faces imminent harm.

Plaintiff has also provided his own declaration.  (ECF No. 2, at 17-22.)  In his declaration, Plaintiff asserts that, in researching about the NDPF program, he and his family discovered fourteen incidents of violence that occurred in relationship with the NDPF program from May 2018 through December 2018.  (Id. at 19-20.)  Plaintiff further declares that, on the date of his declaration, numerous rape cases and violent incidents between Sensitive Needs Yards and General Population prisoners have occurred and are occurring in "F" yard and other Avenal State Prison yards due to the NDPF program.  (Id. at 22.)  Plaintiff states that, based on all the mergers thus far, it is highly likely that continued violence will occur or erupt on his yard or any CDCR facility unless the Court grants injunctive relief.  (Id.)

However, Plaintiff's declaration does not contain any allegations that he has been, or is currently, assigned to a merged yard pursuant to the NDPF policy.  In fact, Plaintiff's declaration implies that Plaintiff has not been, and is not currently, assigned to a merged yard because he has received, and been found guilty, of at least one Rules Violation Report for Refusing to Accept Assigned Housing after Plaintiff refused to program in an NDPF yard.  (Id. at 21, 23-32.) Therefore, Plaintiff's allegations that he currently faces immediate and irreparable harm are speculative.  Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citation omitted)).  Consequently, Plaintiff has failed to establish that he

currently faces the type of immediate and credible threat of irreparable harm necessary to justify extraordinary injunctive relief at this stage of the case.

For all the foregoing reasons, Plaintiff's request for a temporary restraining order and a preliminary injunction should be denied.

## III.

## ORDER AND RECOMMENDATION

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's *ex parte* emergency motion for a temporary restraining order and a preliminary injunction, (ECF No. 2), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 29, 2019**
                                                         UNITED STATES MAGISTRATE JUDGE